**Maria Aracely CAMACHO–BAUTISTA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–72180.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin A. Bove, Esq., Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Peter D. Keisler, Esq., Mark C. Walters, Esq., Leslie Cayer Ohta, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

### MEMORANDUM **

Maria Aracely Camacho–Bautista, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") denial of her application for cancellation of removal. We lack jurisdiction to review discretionary decisions, *see Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003), and we do not consider discretionary decisions that are simply recast in due process language, *see Torres–Aguilar v. INS*, 246 F.3d 1267, 1270–71 (9th Cir. 2001). We dismiss the petition for review.

Camacho–Bautista contends that the BIA denied her due process by failing to remand the case to the IJ to present evidence under a new standard for "exceptional and extremely unusual hardship" announced in *Matter of Recinas*, 23 I. & N. Dec. 467, 2002 WL 31173154 (BIA 2002).

This contention is foreclosed by *Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1006–07 (9th Cir.2003), and therefore does not raise a colorable due process challenge on these facts. *See Torres–Aguilar*, 246 F.3d at 1271 ("To be colorable . . . the claim must have some possible validity.").

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Camacho–Bautista's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

### PETITION FOR REVIEW DISMISSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

